UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | NO. 13-5920-JCZ-SS |
| DAVID P. KINNEY | |

**REPORT AND RECOMMENDATION**

On October 30, 2013, the Court held a Show Cause Hearing on the government's Petition to Enforce Internal Revenue Service Summons (Rec. Doc. 1). Rec. Doc. 5 (10/30/13 Minute Entry). Present were the respondent, David P. Kinney, in proper person and the petitioner, the United States of America, through its counsel of record, Andre J. Lagarde. No objection or opposition to the government's petition has been filed into the record.

In *United States v. Powell*, 379 U.S. 48, 57-58 (1964), the United States Supreme Court set fourth four criteria that the IRS must establish to have a summons enforced:

(1) The IRS agent must show that the investigation will be conducted pursuant to a legitimate purpose;

(2) That the inquiry may be relevant to the purpose;

(3) That the information sought is not already within the IRS's possession; and

(4) That the administrative steps required by the Code have been followed.

*Id.*

Once the Government has carried its burden of proving the above requirements, the burden shifts to the party resisting the summons to challenge it on any appropriate ground.

*United States v. McCoy*, 954 F.2d 1000, 1004 (5th Cir. 1992).  While a proceeding to enforce summons is an adversarial proceeding, it is not intended to be a full-blown trial but rather a summary proceeding.  *Id.*  The Court's only task is to determine whether the summons should or should not be enforced.  *United States v. Barrett*, 837 F.2d 1341, 1344 (5th Cir. 1988) (*en banc*).  This inquiry is limited to ensuring that the Government has complied with the four *Powell* criteria and that the Court's process is not being abused.  If good faith and legitimate purpose are found to exist, the summons should be enforced.  *Id.*  If they are not present, enforcement should be denied.  *Id.*; *see also United States v. Trenk*, D. N.J., No. 06-1004, 2007 WL 174327 (D. N.J. 2007) ("When the tax payer does not refute the *prima facie* case or cannot factually support an affirmative defense, the court should enforce the summons without an evidentiary hearing."); *see also United States v. Newman*, 441 F.2d 165, 169 (5th Cir. 1971) ("Before the government is called upon to make this showing, the summoned party must raise in a substantial way the existence of substantial deficiencies in the summons proceeding.  Only when so raised is raised is there a need for an evidentiary hearing . . .").

The Court finds that the United States, through the materials furnished in support of its petition (Rec. Doc. 1), has sustained its burden under *Powell*.  In addition to not filing any written challenge to the government's petition (Rec. Doc. 1), the respondent, David P. Kinney, orally agreed that he had no opposition to the instant summons enforcement action.  Moreover, while he has had difficulty obtaining certain responsive materials, Mr. Kinney advised the Court that he continues to work dutifully toward the satisfaction of the outstanding summons, which are the subject of the petition (Rec. Doc. 1).

The Court, impressed with both the respondent's candor and his desire to resolve this matter, finds that, while the Government has sustained its burden in this matter and that the

petition should be granted, good cause exists to provide the respondent with sufficient time to take all necessary and reasonable steps by which to obtain, organize, and produce the responsive materials. Counsel for the United States has no objection to the recommended deadline established *infra*. Accordingly,

**IT IS RECOMMENDED** that the Petition to Enforce Internal Revenue Service Summons (Rec. Doc. 1) be GRANTED and that respondent, David P. Kinney, be ordered to comply with the summons on or before January 31, 2014.

While it has preserved its right to so move at a later date should the circumstances so warrant, the government does not seek fees or costs in connection with the bringing of this action.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b), and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana this 13th day of November, 2013.

                                                          SALLY SHUSHAN
                                                         United States Magistrate Judge